UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 24 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

MICHAEL A. CORCORAN,
    on behalf of himself and all other
    similarly situated former and
    current employees,

    Plaintiff,

v.

D.C. FOAM RECYCLE INC.,

    Defendant.

Civil Action No. 2:13cv 37

# COMPLAINT

The plaintiff, Michael A. Corcoran, on behalf of himself and all others similarly-situated, for his Complaint against the defendant, D.C. Foam Recycle Inc., ("DC Foam"), alleges as follows:

## I. PRELIMINARY STATEMENT

The plaintiff, individually and on behalf of all others similarly situated, by counsel, brings this collective action pursuant to 29 U.S.C. § 216(b) (Section 16(b) of the Fair Labor Standards Act ("FLSA")) to recover from the defendant, DC Foam, unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, as well as such additional relief as set forth below.

## II. PARTIES, JURISDICTION AND VENUE

1. Michael A. Corcoran ("Corcoran") is an individual who lives in Virginia Beach, Virginia.

2. Upon information and belief, defendant DC Foam is a Maryland corporation with its headquarters and principal place of business in Baltimore, Maryland.

Page | 1

3. The Court has personal jurisdiction over DC Foam as it routinely transacts business in Virginia and is subject to personal service of process in Virginia.

4. The Court has federal question subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as the claims are for unpaid overtime under 29 U.S.C. § 207 and § 216.

5. Venue is proper in the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to these claims occurred in this district. Specifically, a portion of the unpaid overtime wages sought in this action was earned in this district. Similarly, the Norfolk Division is the proper division under Rule 3(C) of the Local Rules for the United States District Court for the Eastern District of Virginia.

6. This is a collective action for unpaid wages, damages, and other relief under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

### III. *FACTUAL ALLEGATIONS*

7. In or about January 2011, Corcoran started working for the defendant as a bailer in its Norfolk recycling center.

8. Corcoran stopped working for the defendant at the end of July 2012.

9. When Corcoran started working for and throughout the entire time he was employed by the defendant, he was an hourly employee.

10. He was initially paid at the rate of $9.00 per hour. Later, he was given raises to $10.00 per hour, $11.00 per hour, and finally $12.00 per hour.

11. During the entire time Corcoran was employed by DC Foam, he was a non-exempt employee, who was paid at an hourly rate of pay. As a non-exempt employee, he was

entitled and legally required to be paid at a rate of one and half time his normal hourly rate of pay for any overtime hours worked.

12. DC Foam is in the business of obtaining used foam and then recycling it for sale to wholesalers of recycled foam. For example, DC Foam would acquire old carpeting pads from carpeting installers, which it compresses into bails at its Norfolk recycling center and then ships to other sites for further recycling.

13. DC Foam has foam recycling centers in Norfolk, Virginia; Alexandria, Virginia; Morrisville, North Carolina; Fort Lauderdale, Florida; and Halethorpe, Maryland.

14. DC Foam is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, or works on goods and materials that have been moved in or produced for interstate commerce.

15. DC Foam has annual gross receipts of more than $500,000.

16. As noted above, Corcoran was hired to work in a position entitled bailer by DC Foam.

17. As a bailer, Corcoran would create bails of recycled foam using the machinery located at DC Foam. After a short amount of time, Corcoran was promoted to shop supervisor.

18. DC Foam did not pay Corcoran overtime for any hours he worked in excess of forty hours per week. Rather, DC Foam shifted hours from one work week – when he worked more than 40 hours in a work week – to other work weeks when he worked less than 40 hours to avoid having to pay Corcoran overtime.

19. All of the individuals who worked for DC Foam at its Norfolk recycle center as hourly workers are similarly situated to the Plaintiff in the manner in which: they were required

to report compensable work time; their compensable work time was recorded; and, they have not been paid wages, or overtime wages due for all hours worked.

20. Plaintiff is an appropriate representative for the purposes of the Court certifying a collective action and approving a notice of the action to potential class members. Plaintiff's FLSA claims are the same or similar to the claims of other potential class members.

21. The FLSA defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

22. At all relevant times, DC Foam was an "employer" within the definition of 29 U.S.C. § 203 of the Fair Labor Standards Act ("FLSA").

23. Besides the plaintiff Corcoran, numerous other employees are working or have worked for the defendant during the last three years as hourly workers and are similarly-situated to the plaintiff Corcoran (the "Class").

## FIRST CAUSE OF ACTION – UNPAID OVERTIME UNDER THE FLSA

24. The allegations contained in paragraphs 1 – 23 are incorporated by reference as if fully set forth herein.

25. The defendant employed Corcoran continuously from on or about January 2011 until the end of July 2012 when he was fired.

26. During the period covered by his employment with the defendant, the plaintiff Corcoran performed overtime work for which the defendant **willfully** failed to pay him overtime compensation in violation of 29 U.S.C. § 207 of the FLSA.

27. From at least 2011 to the present, numerous other hourly employees worked for the defendant as hourly employees in its Norfolk recycle center and were subject to the same

policies, procedures, and practices, including timekeeping to which the named plaintiff, Corcoran, was subject ("Norfolk Recycle Center Workers").

28. The plaintiff and the Norfolk Recycle Center Workers worked in excess of 40 hours in many weeks for which the defendant **willfully** failed to pay them overtime in violation of 29 U.S.C. § 207 of the FLSA.

29. The defendant knew or showed reckless disregard for the matter of whether its failure to pay overtime was prohibited by law and its failure to pay overtime was not done in good faith.

30. The plaintiff and the Norfolk Recycle Center Workers have been damaged by the defendant's failures to pay overtime as required by law.

Wherefore, the Plaintiff, on behalf of himself and the Norfolk Recycle Center Workers, respectfully prays that the Court:

A. Direct that notice of this action be provided to all other former and current hourly employees who are similarly-situated to the plaintiff on his FLSA claim;

B. Certify a class or sub-classes of similarly-situated former and current employees for whom a collective action under the FLSA will proceed to trial;

C. Find that the plaintiff and other similarly-situated former or current employees of the defendant recover unpaid overtime wages of $50,000.00, liquidated damages in an equivalent amount, unpaid straight time, reasonable attorneys' fees, prejudgment and post-judgment interest, court costs, and other relief by reason of the defendant's repeated and longstanding violations of the FLSA;

D. Enter an injunction pursuant to 29 U.S.C. § 216(b) directing that the defendant immediately cease violating the Fair Labor Standards Act, and begin paying overtime as required by the Fair Labor Standards Act;

E. Set this matter for a **trial by jury** on all issues so triable; and

F. Award such other and further relief, including but not limited to court costs, as the Court may deem just and proper.

**The plaintiff and all other similarly-situated former and current employees of the defendant request a trial by jury.**

> MICHAEL A. CORCORAN
> for himself and all other
> similarly-situated former
> and current employees
>
> By: *Christian Connell*
> Christian L. Connell
> Bar No. 35009
> Attorney for the Plaintiff Michael A. Corcoran
> and all Other Similarly-Situated Former and
> Current Employees
> CHRISTIAN L. CONNELL, P.C.
> 555 East Main Street, Suite 1410
> Norfolk, Virginia 23510
> 757.533.6500
> 757.533.6565 (fax)
> Email: christian.connell@verizon.net